# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIMOTHY SAVELL,**

**Plaintiff,**

**v.**                                                           **Case No: 6:21-cv-36-PGB-EJK**

**UNITED STATES OF AMERICA,**

**Defendant.**

## ORDER

This cause comes before the Court on the Opposed Motion to Strike Plaintiff's Expert Witness Designations and Report (the "Motion"), filed by the United States on June 21, 2022. (Doc. 53.) On July 5, 2022, Plaintiff filed a response in opposition. (Doc. 54.) Upon consideration, the Motion is due to be granted.

## I.   BACKGROUND

Plaintiff filed the instant action on January 6, 2021, against the United States of America (the "United States"), bringing suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2679. (Doc. 1.) Plaintiff alleges he slipped and fell in a "poorly maintained and/or inspected bathroom at Defendant's Resort" and as a result has "suffered significant and permanent injuries." (*Id.* ¶ 1.) On June 21, 2022, the United States filed the instant Motion to Strike, stating that Plaintiff delinquently served his expert disclosures on May 4, 2022, "121 days after the expert disclosure deadline, 64 days after discovery closed, and 7 days after mediation." (Doc. 53 at 1.)

## II.   STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Such disclosures must include a "written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan.14, 2009). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the

surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

## III.   DISCUSSION

The Court's Case Management and Scheduling Order (the "CMSO") set the deadline for Plaintiff's disclosure of expert reports as January 3, 2022. (*See* Doc. 23.) Additionally, the undersigned notes that the discovery deadline was set for March 1, 2022, and the deadline for dispositive motions, *Daubert* motions, and *Markman* motions was set for April 4, 2022. (*Id.*) The United States asserts that Plaintiff served his expert disclosures on May 4, 2022, and Plaintiff does not dispute that his expert disclosures were untimely. (Docs. 53 at 4; 54 at 2.) Thus, the undersigned is left to consider whether this belated disclosure was substantially justified or harmless.

The United States argues that the expert disclosure is neither substantially justified nor harmless. First, the United States notes that Plaintiff did not seek an extension of the deadline or otherwise communicate with opposing counsel regarding potential expert disclosures prior to an email sent in late April, well past the deadline. (Doc. 53 at 4.) The United States next argues that the untimely disclosure is not harmless because Plaintiff's expert witnesses "intend to testify with respect to key issues within this case." (*Id.* at 5.) The United States contends it has been prevented from "having the opportunity to depose the witnesses and file relevant motions,"

which is "unequivocally prejudicial." (*Id.*) In response, Plaintiff asserts the late disclosure is "a harmless or remediable error." (Doc. 54 at 4.) Plaintiff states he would be "agreeable [to] provide Defendant with deposition dates for Plaintiff's experts," and argues that even though discovery is closed, Defendant could "take the two depositions well before trial." (*Id.* at 5.)

The Court does not find that Plaintiff's untimely disclosure is substantially justified or harmless. Despite a 121-day delay, which is by no means insignificant, Plaintiff's response is completely devoid of any explanation as to why such a delay occurred. Instead, counsel for Plaintiff merely "concedes [his] tardiness of [his] Rule 26(a)(2)(B) disclosures" and foregoes any argument that the error is substantially justified. (Doc. 54 at 4.) And, while Plaintiff attempts to argue that the error is harmless because Defendant could "take the two depositions well before trial," the unavoidable fact is that discovery closed on March 1, 2022. (Doc. 54 at 5.) With the trial term just a handful of weeks away, Plaintiff makes it seem as if this is a workable solution. The Court disagrees. Discovery will not be re-opened months after it closed due to Plaintiff's failure to comply with the CMSO. *Cf. Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." (citations and quotations omitted)); *Hall v. Massachusetts Mut. Life Ins. Co.*, No. 5:07-cv-172 HL, 2008 WL 205333, at *2 (M.D. Ga. Jan. 23, 2008) ("Thus, Plaintiff's untimely expert witness disclosures are not harmless because this Court would have to alter several

deadlines to render harmless Plaintiff's tardiness, and this Court is unwilling to alter those deadlines.").

As the United States argues, it has been deprived of the opportunity to depose Plaintiff's expert witnesses and file relevant motions. Moreover, even the very case Plaintiff cites in support notes that courts "more frequently find that a late disclosure is prejudicial when it occurs after the close of discovery." *Lamonica v. Hartford Ins. Co. of the Midwest*, 336 F.R.D. 682, 687 (N.D. Fla. 2020); *see, e.g.*, *Wilkins v. Montgomery*, 751 F.3d 214, 223 (4th Cir. 2014) (holding that a tardy expert witness disclosure was not harmless when it "was made after the agreed-upon expert disclosure date, after discovery was closed, after Appellee filed a motion for summary judgment, and on the very date set by the court for the filing of motions to exclude experts"); *Reese*, 527 F.3d at 1264–65 (11th Cir. 2008) (holding that the district court did not err in striking an expert's report when the plaintiff filed his expert report almost seven weeks after the close of discovery, which prevented the defendant from deposing the expert). While in *Lamonica*, the discovery period was still open and the court had "not fixed a trial date," neither of those factors are present here. *Lamonica*, 336 F.R.D. at 687. Discovery closed months ago, and the trial term for this action begins on September 5, 2022. (*See* Doc. 23.)

In light of the above, with respect to the first two factors, the undersigned finds the United States is facing surprise and unfair prejudice, and that Plaintiff is unable to cure the surprise. As for the third factor, the likelihood and extent of disruption to the trial, the undersigned finds that if the untimely production of these expert disclosures

and reports were permitted, there is a high likelihood that trial would be disrupted or delayed. The United States would need time to schedule depositions for two experts, as well as additional time to file potential *Daubert* motions. While, as both parties admit, the evidence is important to Plaintiff, Plaintiff has offered *no* explanation for his failure to timely disclose. In balancing the surprise and prejudice to the United States with the importance of the evidence to Plaintiff, the Court cannot say the balance weighs in favor of Plaintiff. *See, e.g.*, *Roberts v. Wright Nat'l Flood Ins. Co.*, No. 6:18-cv-1904-Orl-37LRH, 2020 WL 3035230, at *2 (M.D. Fla. Apr. 27, 2020) (granting the motion to strike expert witnesses where belated disclosure meant defendant could not "depose Plaintiff's expert witnesses or challenge the admissibility of their testimony through a *Daubert* motion"); *United States v. Marder*, 318 F.R.D. 186, 191 (S.D. Fla. 2016) (striking expert testimony and denying request to reopen discovery because "[r]eopening discovery at this stage in order to accommodate the Marder Defendants' untimely and incomplete expert reports—with depositions to follow—would not only serve to reward the Marder Defendants for their indolence, but thoroughly prejudice the Government's preparation for trial").

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion to Strike Plaintiff's Expert Witness Designations and Report is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE